UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RODNEY JAMES FORNESS,

           Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

           Defendant.

**Hon. Hugh B. Scott**

05CV450A

**Order**

      The pro se plaintiff in this action has applied to this Court for appointment of counsel (Docket No. 9, see Docket No. 14, Pl. Reply Memo. at 5). Also pending are (a) plaintiff's motion for a new court date (Docket No. 17), (b) his motion to have the undersigned recuse himself due to handling the initial judicial review of his disability application and a potential conflict of interest (see Docket No. 14, Pl. Reply Memo. at 5), (c) his request for a copy of an October 22, 1999, administrative hearing transcript (see id.), and (d) defendant Commissioner's motion for judgment on the pleadings (Docket No. 10).

## BACKGROUND

*Plaintiff's Motion for Appointment of Counsel (Docket No. 9)*

      Some discussion of the somewhat involved administrative and procedural history (including a prior action in this Court, Forness v. Apfel, Case No. 98CV465(A)(Sc)) is necessary to address the present motion.

      Plaintiff seeks review of the denial of his disability insurance application arising from back impairment in May 1989 that was subsequently reopened. He filed this application on

November 14, 1994, Forness v. Apfel, supra, No. 98CV465, No. 25, Report & Recommendation at 1 (see also R. 271, 273[1]).  Plaintiff is a member of the class in the settled action Stieberger v. Sullivan, 792 F. Supp. 1376 (S.D.N.Y. 1992); id., 801 F. Supp. 1079 (S.D.N.Y. 1992) (settlement terms).   This application was denied and plaintiff appeared before an Administrative Law Judge, who rendered a written decision on August 22, 1996, denying plaintiff's claim.  Id. at 1-2.  This decision became final on July 18, 1998, when the Appeals Council denied plaintiff's request for review, id. at 2.  Plaintiff sought judicial review, pro se, and filed the first action in this Court, Forness v. Apfel, supra, No. 98CV465, No. 1 (Compl.).  This Court then issued a Report & Recommendation, dated March 31, 2000, which recommended that the Commissioner's determination be affirmed, id. at 11.  Chief Judge Arcara adopted this Report & Recommendation and granted judgment to the Commissioner, Forness v. Apfel, No. 98CV465, No. 29.  Plaintiff appealed, Forness v. Apfel, No. 98CV465, No. 31, but the United States Court of Appeals for the Second Circuit dismissed the appeal, see Forness v. Apfel, No. 98CV465, No. 32.

On June 23, 2000, the Administrative Law Judge found that plaintiff was not disabled (R. 256; Docket No. 1, Compl. Attach.).  That Administrative Law Judge found plaintiff was not disabled during the period of September 29, 1984, through December 28, 1987, noting that another decision (dated April 19, 1994) addressed plaintiff's disability as of December 29, 1987 (R. 15).  Plaintiff appealed to the Appeals Council, which on January 28, 2003, ordered a remand to allow plaintiff as a Stieberger class member a new hearing (R. 256).  The issue was narrowed to whether plaintiff was disabled from May 1 through May 31, 1989 (R. 16).  Upon remand, the

---

[1]("R. __") refers to the certified record of the administrative proceedings.

Administrative Law Judge, on February 25, 2004, also found that plaintiff was not disabled (R. 16), finding that he had the residual functional capacity to perform light to medium work (R. 26).

*The Present Action and the Motion for Appointment of Counsel*

In the present action, plaintiff moved for appointment of counsel (Docket No. 3), but this Court denied the application without prejudice to renewal as insufficient for the Court to assess plaintiff's claims (Docket No. 4). After the Commissioner filed her Answer (Docket No. 6), this Court issued a briefing schedule, with motions for judgment on the pleadings due by December 16, 2005, responses thereto by February 3, 2006, and argument on March 3, 2006 (Docket No. 8). That Order also invited plaintiff to renew his application (Docket No. 8). Plaintiff then filed the present motion (Docket No. 9). In both motions, plaintiff contends that the Commissioner altered facts in order to support the denial of disability benefits (Docket Nos. 3, 9). Attached to his Complaint is an annotated version of the last Administrative Law Judge's decision, with notations of facts plaintiff contests (Docket No. 1, Attachment, e.g., at page 5 of 15, 6 of 15). For example, he disputes the finding that he hunts or lifts weights (id. Attachment at page 12 of 15) as was found by the Administrative Law Judge as one of the chief reasons for concluding that he could perform light to medium work (R. 26). Plaintiff states that the counsel he had at the administrative proceedings declined to take up this federal action (id.). In his first application, he noted that he contacted Siegel, Kelleher & Kahn, but that firm declined this case (Docket No. 3). The Commissioner then moved for judgment on the pleadings (Docket No. 10).

## **DISCUSSION**

I.      Motion for Appointment of Counsel

After reviewing the file, the sheer complexity of the case (including at least one prior foray in this Court) compels that the Court **GRANT** the plaintiff's request and appoint counsel. Therefore, this Court appoints **Kenneth Hiller**, **Esq.**, as counsel for the plaintiff, pro bono, pursuant to 28 U.S.C. § 1915(d).  Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986); Cooper v. A. Sargenti Co., 877 F.2d 170 (2d Cir. 1989).

The file for this matter is maintained in the Office of the Clerk of the United States District Court in Buffalo, New York.  If necessary, the attorney for the plaintiff should make arrangements to meet with a Pro Se Staff Attorney to review the file and obtain copies of the relevant papers.

II.     Plaintiff's Motion to Set a Return Date (Docket No. 17)

Separately, the Court scheduled briefing and argument of motions for judgment on the pleadings (Docket No. 8).  The Commissioner so moved on December 16, 2005 (Docket No. 10). Given the pendency of this motion, the Court later stayed this briefing schedule pending resolution of this motion (Docket No. 13).  On plaintiff's motion to set a new return date on the pending motion for judgment on the pleadings (Docket No. 17), that motion is **denied** and the stay previously entered of the argument of the pending motions (Docket No. 13) remains in place.  This will allow newly appointed counsel time to familiarize himself with the case.  After giving counsel sufficient time to become familiar with this case, the Court separately will issue a new briefing and argument schedule on motions for judgment on the pleadings, including allowing plaintiff to file his motion if he desires.

4

III.     Plaintiff's Request for Recusal (See Docket No. 14)

Plaintiff seeks the undersigned recuse himself from this action because in Forness v. Apfel, Case No. 98CV465, Docket No. 25, Report & Recommendations of Mar. 31, 2000, the Court found that "plaintiff has also obtained certification as a drug and alcohol counselor in 1993 (R. 165-66, 822)"[2], based upon the Administrative Law Judge's findings. Plaintiff vehemently denies ever having such certification, concluding that the Administrative Law Judge falsely certified plaintiff and that the undersigned may have committed misconduct in adopting that Administrative Law Judge's findings (Docket No. 14, Pl. Reply Memo. at 4-5). Subsequent Administrative Law Judge findings in this case, however, make no mention of that certification (R. 210, 17, 27), including the February 25, 2004, decision that presently is under judicial review in this case. The perceived error hence is no longer at issue, since this Court will review the last decision of the Administrative Law Judge rather than the earlier ones. Plaintiff has not indicated any other bias to preclude consideration by the undersigned.

Plaintiff's request (see Docket No. 14, Pl. Reply Memo. at 5) that the undersigned recuse himself from this action is **denied without prejudice** to renewal as a formal motion by counsel if counsel deems this motion to be warranted.

IV.     Plaintiff's Request for Production (See Docket No. 14)

Finally, plaintiff in his reply memorandum seeks production of a 1999 administrative law hearing transcript (see id.). The Court will not deem this to be a motion; rather, counsel may so move to have that document produced if deemed warranted.

---

[2]"R" in this quote is the administrative record in Case No. 98CV465.

**CONCLUSION**

For the reasons stated above, plaintiff's motion for appointment of counsel (Docket No. 9) is **granted** and Kenneth Hiller, Esq., is so appointed. Dispositive motions for judgment on the pleadings will be delayed as counsel becomes familiar with the case. Plaintiff's requests, contained in his reply memorandum (Docket No. 14, at 5), for recusal and for production of a transcript are **denied without prejudice** to be renewed in formal motions by counsel.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
June 16, 2006