UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RODNEY JAMES FORNESS,

                              Plaintiff,

                                                    **Hon. Hugh B. Scott**

            v.                                      05CV450A

                                                    **Report
                                                    and
COMMISSIONER OF SOCIAL SECURITY,                    Recommendation**

                              Defendant.


        Before the Court are the parties' respective motions for judgment on the pleadings

(Docket Nos. 10[1] (defendant), 22[2] (plaintiff)).

## <u>INTRODUCTION</u>

        This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination

of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled

to disability insurance benefits and/or Supplemental Security Income benefits.


---

        [1]In support of this motion, defendant Commissioner filed a memorandum of law, Docket
No. 11, a reply memorandum, Docket No. 23, and the Social Security administrative record, text
entry of Sept. 16, 2005.  Defendant also noted plaintiff's initial none reply, Docket No. 12.
        In opposition, plaintiff filed his <u>pro se</u> response to defendant's memorandum, Docket
No. 14, and attachment of exhibits, Docket No. 16, and reply brief, Docket No. 26.

        [2]In support of his motion, plaintiff filed his memorandum of law, Docket No. 22, and
reply brief, Docket No. 26.
        In response, defendant filed a reply memorandum, Docket No. 23.

## PROCEDURAL BACKGROUND

Some discussion of the somewhat involved administrative and procedural history (including a prior action in this Court, Forness v. Apfel, Case No. 98CV465(A)(Sc)) is necessary to address the motions in the present action (see also Docket No. 18, Order at 1-3).

*Initial Disability Application and Forness v. Apfel, 98CV465*

The plaintiff, Rodney Forness ("Forness" or "plaintiff"), lifted a patient in 1984 and re-injured his back. He filed an application for disability insurance benefits on December 31, 1985, claiming disability from September 29, 1984 (see Docket No. 11, Def. Memo. of Law at 1; R. 16[3], 63, 406; see also Docket No. 22, Pl. Memo. of Law at 2, adopting procedural history from defendant's memorandum). That application was denied initially and on reconsideration. Plaintiff sought review of the denial of his disability insurance application arising from the 1989 back impairment, and that application was subsequently reopened (Docket No. 11, Def. Memo. at 1-2). He filed this application on November 14, 1994, Forness v. Apfel, supra, No. 98CV465, Docket No. 25, Report & Recommendation at 1 (see also R. 271, 273).

Forness is a member of the class of back ailment claimants in the settled action Stieberger v. Sullivan, 792 F. Supp. 1376 (S.D.N.Y. 1992); id., 801 F. Supp. 1079 (S.D.N.Y. 1992) (settlement terms). This application was denied and plaintiff appeared before an Administrative Law Judge, who rendered a written decision on August 22, 1996, denying plaintiff's claim. Forness v. Apfel, supra, No. 98CV465, Docket No. 25, R&R at 1-2. This decision became final on July 18, 1998, when the Appeals Council denied plaintiff's request for review, id. at 2. Plaintiff, proceeding pro se, sought judicial review and filed the first action in this Court, Forness

---

[3]("R. __") refers to the certified record of the administrative proceedings.

v. Apfel, supra, No. 98CV465, Docket No. 1 (Compl.).  This Court then issued a Report &

Recommendation, dated March 31, 2000, which recommended that the Commissioner's

determination be affirmed, id. at 11.  In particular, this Court found that reports in August 1996

and January 1997 from Dr. Edgardo Salvador (the rheumatologist who evaluated plaintiff),

indicated that plaintiff could perform sedentary work and that plaintiff had not shown any non-

exertional impairment which would place further restrictions on his residual functional capacity,

id. at 10, 6 (quoting then-administrative record R 939, 940, 937).  Chief Judge Arcara adopted

this Report & Recommendation and granted judgment to the Commissioner, Forness v. Apfel,

No. 98CV465, Docket No. 29.  Plaintiff appealed, Forness v. Apfel, No. 98CV465, Docket

No. 31, but the United States Court of Appeals for the Second Circuit dismissed the appeal, see

Forness v. Apfel, No. 98CV465, Docket No. 32; see Forness v. Apfel, No. 00-6201 (2d Cir.).

*Present Disability Application*

       Upon reinstatement of his application pursuant to the Stieberger settlement terms, on

June 23, 2000, the Administrative Law Judge found that plaintiff was not disabled (R. 256;

Docket No. 1, Compl. Attach.).  That Administrative Law Judge found plaintiff was not disabled

during the period of September 29, 1984, through December 28, 1987, noting that another

decision (dated April 19, 1994) addressed plaintiff's disability as of December 29, 1987 (R. 15).

Plaintiff appealed to the Appeals Council, which on January 28, 2003, ordered a remand to allow

plaintiff as a Stieberger class member a new hearing (R. 256).  The issue was narrowed to

whether plaintiff was disabled from May 1 through May 31, 1989, for disability insurance

benefits (R. 16), while the period for supplemental security income benefits started from May

1989.  Upon remand from the Appeals Council, Administrative Law Judge Grenville Harrop, Jr.,

on February 25, 2004, also found that plaintiff was not disabled during that time period (R. 16),

finding that he had the residual functional capacity to perform light to medium work (R. 26).

The ALJ's decision became the final decision of the Commissioner on June 18, 2005, when the

Appeals Council denied plaintiff's request for review.

*The Present Action*

Plaintiff commenced this action on June 23, 2005 (Docket No. 1). Forness moved for

appointment of counsel (Docket No. 3), but this Court initially denied the application without

prejudice to renewal as insufficient for the Court to assess plaintiff's claims (Docket No. 4).

After the Commissioner filed her Answer (Docket No. 6), this Court issued a briefing schedule

(Docket No. 8). That Order also invited plaintiff to renew his application for appointment of

counsel (Docket No. 8). Plaintiff then moved for appointment of counsel (Docket No. 9). In

both motions, plaintiff contends that the Commissioner altered facts in order to support the denial

of disability benefits (Docket Nos. 3, 9). Attached to his Complaint is an annotated version of

the last Administrative Law Judge's decision, with notations of facts plaintiff contests (Docket

No. 1, Compl., Attachment, e.g., at page 5 of 15, 6 of 15).

Meanwhile, the Commissioner then moved for judgment on the pleadings (Docket

No. 10), which the Court stayed consideration of while plaintiff's motion for appointment of

counsel was pending (Docket No. 13). Plaintiff's renewed motion for appointment of counsel

was granted (Docket No. 13). Plaintiff, acting pro se, filed additional motions (Docket No. 17,

see Docket No. 14), and the Court considered and dealt with these pro se motions (Docket

No. 18), denying his motion for recusal without prejudice for newly appointed counsel to raise,

allowing counsel to request documents plaintiff sought produced, and delaying plaintiff's motion

4

to set a return date until after counsel became familiar with the case (id.).  Following a status

conference (Docket No. 21), plaintiff moved for judgment on the pleadings (Docket No. 22,

Nov. 3, 2006).  The motions for judgment on the pleadings were deemed submitted on

January 11, 2007 (see Docket No. 24; see also Docket No. 21).

## FACTUAL BACKGROUND

Forness was born on June 20, 1953, and was 35 years old in May 1989 and 50 years old

in February 2004 when he had his last administrative law judge hearing (Docket No. 11, Def.

Memo. at 3; R. 17, 42).  He graduated from high school and had two associate's degrees (Docket

No. 11, Def. Memo. at 3), but plaintiff disputes whether he was certified for drug counseling, the

courses he took at Jamestown Community College (Docket No. 14, Pl. Reply Memo. at 4).  At

the May 2003 ALJ hearing, plaintiff testified that he took college courses to become certified as

an alcohol and drug dependence counselor (R. 734).  Plaintiff was a veteran (see R. 145, 712).

Forness worked as a maintenance worker and a therapy aide trainee (Docket No. 11, Def. Memo.

at 3; R. 17, 675-76), which required lifting handicapped patients and pushing a 100 pound

scrubbing machine (id.).

## MEDICAL AND VOCATIONAL EVIDENCE

Forness claimed that he first injured his back in 1981 and re-injured it in 1985 (Docket

No. 11, Def. Memo. at 3; R. 677, 678).  He testified that he could not do yard work or make car

repairs (Docket No. 11, Def. Memo. at 3-4; R. 703).  Defendant claims that Forness admitted that

he went deer hunting and lifted weights (five pound weights) (Docket No. 11, Def. Memo. at 4;

R. 689, 692), but he disputes the finding that he hunted or lifted weights (Docket No. 1, Compl.,

Attachment at page 12 of 15 (disputing ALJ's findings, R. 26).  The ALJ found this was one of

the chief reasons for concluding that he could perform light to medium work (R. 26).  Plaintiff

testified that some times he could lift 100 pounds without difficulty, but then he could not lift a

two ounce sponge and be rendered unable to move for days (R. 764).  Generally, he testified that

he could lift five pounds and stand for a half hour to forty minutes and sit for twenty minutes

(R. 765, 767, 768, 25).

Dr. M.F. Hatam, plaintiff's treating physician, examined plaintiff on June 11, 1985, took

an x-ray of plaintiff's back which was negative with no evidence of fracture or destructive bone

process in his back (R. 85, 20).  Dr. Hatam prescribed physical therapy and back exercises and

referred plaintiff for EMG and nerve conduction studies, which later were found to be within

normal limits (R. 82, 84, 20).  Plaintiff was diagnosed with a chronic myofascial sprain, but

found that plaintiff was not totally disabled.  Dr. Hatam then urged plaintiff to return to work, but

"avoid really strenuous labor" (R. 85, 20).  In a later examination, plaintiff complained of pain in

bending, but there was no spasm, Dr. Hatam concluded that there were no objective findings to

support plaintiff's subjective complaints (R. 81, 20).  In December 1985, plaintiff was seen by

Dr. Hatam, complaining of pain when he went deer hunting (id.).  Dr. Hatam told plaintiff that he

could return to work, provided that it did not require a lot of heavy duty, construction or lifting

patients (R. 81, 21).  In June 1986, plaintiff saw Dr. Hatam and asked about plaintiff's

participation in a Nautilus program; Dr. Hatam advised that he could participate for limited

periods of time and use anti-inflammatory drugs as needed (R. 80, 21).  After several similar

appointments in 1986 and 1987, Dr. Hatam last treated plaintiff in April 1987, when he found

that plaintiff could perform clerical work, not lift more than fifty pounds and rest between

periods of standing (R. 129, 21).

6

In January 1988, Dr. R.J. Mutty, plaintiff's treating orthopedic surgeon, found that Forness's residual functional capacity was limited to not lifting over 50 pounds occasionally, to not lifting weight more than occasionally, to avoid stooping, or sitting or standing longer than an hour (R. 335). In January 1990, Dr. Mutty recommended that plaintiff would be best suited for sedentary activities (R. 363).

In his annotated version of the ALJ's findings attached to the Complaint, plaintiff notes his disagreements with the findings of the ALJ regarding his medical record (Docket No. 1, Compl., Attachment, at 5 of 15 to 7 of 15, 10 of 15).

Plaintiff testified that the Department of Veterans Affairs found that he was disabled as of December 1997 (R. 712[4]), based upon the reports of Dr. Salvador (R. 175-78 (with work capacity evaluation by Linda Randall), 172-73 (Randall)). Dr. Salvador found that plaintiff could perform light work with restrictions against constant crawling, constant static standing or sitting or frequent bending or lifting (R. 175; see also R. 171 (Randall)).

*ALJ's Findings*

The ALJ found that plaintiff's treating physician, Dr. Linda Hershey, did not provide any work-related limitations and the consultative physician noted that plaintiff could lift, carry, stand, walk, sit, push and pull without limitations and could occasionally climb, balance, kneel, crouch, crawl and stoop (R. 26). The ALJ found that plaintiff's pain and limitation complaints were "out of proportion to the objective findings and [were] not supported by the objective evidence of record" (R. 26). Upon further review (from the ALJ's 2000 decision), he finds "on the whole

---

[4]See also Forness v. Apfel, No. 98CV465, Admin. Record R. 943-76; id., Docket No. 25, Report & Rec. at 7.

7

even less limitations then previously surmised," and concluded that Forness had the residual

functional capacity to perform light to medium work (R. 26) and that he had the residual

functional capacity to return to his past relevant work (R. 27).   Alternatively, the ALJ found that

plaintiff could perform other work in the national and regional economy.  Given his age,

education, and vocationally relevant past work experience and the Medical-Vocational

Guidelines, the ALJ found that plaintiff was not disabled (R. 27-28).

## MOTIONS

Plaintiff vigorously contests the findings of the ALJ, first in his pro se papers (e.g.,

Docket No. 14) and through counsel (Docket No. 22).  In his motion for judgment on the

pleadings, plaintiff argues that the ALJ did not consider plaintiff's benefits from May 1989

through February 25, 2004 (Docket No. 22, Pl. Memo. at 5-9; Docket No. 26, Reply Br. at 1),

contending that none of the decisions after his Stieberger request for reopening his application

has preclusive effect on a subsequent determination of disability (Docket No. 22, Pl. Memo. at 7-

8).  Plaintiff contends that the ALJ made statements about the coverage period that indicated that

he did not understand the correct period at issue (id. at 8).  Forness next argues that the ALJ fails

to explain the ALJ's reasons for not giving weight to Dr. Mutty's opinion on plaintiff's residual

functional capacity, wherein Dr. Mutty stated that plaintiff could not perform medium or light

work due to restrictions on lifting any weight at all beyond occasional lifting (id. at 9-11; R. 335,

363).  Forness also argues that the ALJ failed to consider and give weight to treating physician

Dr. Salvador and other functional capacity evaluations plaintiff had in the 1990s (Docket No. 22,

Pl. Memo. at 11).  He argues that the ALJ did not develop plaintiff's record after 1998 (id. at 11-

12).

8

Earlier, defendant moved for judgment on the pleadings in defendant's favor (Docket No. 10), arguing therein that there was sufficient evidence to support the ALJ's findings that plaintiff could perform light work, relying upon the opinion of Dr. Hatam (Docket No. 11, Def. Memo. at 17-19), and, in part, on the opinion of Dr. Mutty that plaintiff was not totally disabled (id. at 19-20). Defendant argues that the ALJ's residual functional capacity finding is supported by Dr. Salvador's April 1998 opinion that plaintiff could perform light work (id. at 20). Defendant concludes that the totality of the medical evidence did not corroborate plaintiff's subjective symptomatology (id. at 22).

In response to plaintiff's motion, defendant argues that the ALJ did consider plaintiff's alleged disability through February 25, 2004 (Docket No. 23, Def. Reply Memo. of Law at 1-3). She disputes whether Dr. Mutty's opinion supports plaintiff's position (id. at 3-4). The Commissioner argues that the ALJ properly evaluated the medical evidence (id. at 4-7) and properly developed the record (id. at 7-9). In reply, plaintiff argues that the Commissioner did not consider any evidence between 1988 and July 2001, save an x-ray and MRI finding in the 1990s (Docket No. 26, Pl. Reply Br. at 1). He argues that the ALJ's residual functional capacity finding (of medium work) was inconsistent with the finding of his treating physician, Dr. Mutty, who found that plaintiff could perform only up to light work (id. at 2-3). Plaintiff contends that defendant has not considered the fact that the Department of Veterans Affairs has concluded that he was disabled (id. at 3-4; R. 712), erring in not considering that determination by another government agency, Hankerson v. Harris, 636 F.2d 893 (2d Cir. 1980) (Docket No. 26, Pl. Reply Br. at 4), despite the fact that the Veterans Affairs' determination is not binding on the Commissioner.

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the

plaintiff was not under a disability is supported by substantial evidence, <u>see</u> 42 U.S.C. § 405(g);

<u>Rivera v. Sullivan</u>, 923 F.2d 964, 967 (2d Cir. 1991).  Substantial evidence is defined as "'more

than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'"  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting

<u>Consolidated  Edison Co. v. National Labor Relations Bd.</u>, 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person

is disabled when he is unable "to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than

12 months."  42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental

impairment or impairments are of such severity that [he or she] is not only unable to do [his or

her] previous work but cannot, considering [his or her] age, education, and work experience,

engage in any other kind of substantial gainful work which exists in the national economy . . . ."

42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that his impairment prevents him from

returning to her previous type of employment.  <u>Berry v. Schweiker</u>, 675 F.2d 464, 467 (2d Cir.

1982).  Once this burden has been met, "the burden shifts to the [Commissioner] to prove the

existence of alternative  substantial gainful work which exists in the national economy and which

the plaintiff could perform."  Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir.

1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

　　　　In order to determine whether the plaintiff is suffering from a disability, the ALJ must

employ a five-step inquiry:

>    (1) whether the plaintiff is currently working;
>
>    (2) whether the plaintiff suffers from a severe impairment;
>
>    (3) whether the impairment is listed in Appendix 1 of the relevant
>    regulations;
>
>    (4) whether the impairment prevents the plaintiff from continuing
>    his past relevant work; and
>
>    (5) whether the impairment prevents the plaintiff from doing any
>    kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467.  If a plaintiff is found to be

either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends.

20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.

1992).  However, it should be noted that the ALJ has an affirmative duty to fully develop the

record.  Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

　　　　In order to determine whether an admitted impairment prevents a claimant from

performing his past work, the ALJ is required to review the plaintiff's residual functional capacity

and the physical and mental demands of the work he has done in the past.  20 C.F.R.

§§ 404.1520(e) & 416.920(e).  When the plaintiff's impairment is a mental one, special "care

must be taken to obtain a  precise description of the particular job duties which are likely to

produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments,

working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." <u>See</u> Social Security Ruling 82-62 (1982); <u>Washington v. Shalala</u>, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to his past relevant work given his residual functional capacity. <u>Washington</u>, <u>supra</u>, 37 F.3d at 1442.

The <u>Steiberger</u> settlement gave plaintiff a second chance to have his disability application considered.

*Application*

In the instant case, plaintiff has not shown that he is totally disabled, despite the finding by the Veterans Affairs Department. Plaintiff's doctors have not found that he is totally disabled but note limitations that could allow him to perform light or sedentary work. The ALJ, however, found that plaintiff could perform light or medium work and disregarded the finding of the Veterans Affairs Department that plaintiff was disabled under the latter agency's standard. The issue is whether there was evidence to support the ALJ's finding that plaintiff could perform medium work, especially lifting greater weights and at more frequently than a person deemed able to perform only light work. The ALJ did not consider the medical history between 1988 and 2001, including the Veterans Affairs disability determination. While the Commissioner now argues that portions of that medical record support the ALJ's findings, the ALJ himself did not state he relied upon that record.

While this matter has been before the ALJ twice now, it needs to be remanded to review this portion of plaintiff's medical history and to reconsider the ALJ's finding that he is capable of performing medium work, <u>but cf.</u> <u>Forness v. Apfel</u>, No. 98CV465, <u>supra</u>, Docket No. 25, Report

12

& Recommendation at 10 (finding that ALJ's then decision was supported by medical record from 1996 and 1997).  Despite the age of this case and the claims asserted therein, the ALJ should fully develop the record.  On remand, the ALJ should also consider the Department of Veterans Affairs' finding and see if it coincides with the new Social Security determination or state clearly how the VA decision is distinguishable.

## CONCLUSION

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **REVERSED** and this matter be **REMANDED** for further administrative proceedings. Defendant's motion for judgment on the pleadings (Docket No. 10) should be **denied** and plaintiff's motion for similar relief in his favor (Docket No. 22) should be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within ten (10) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).  <u>Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.</u>** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on <u>de novo</u> review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  <u>See</u> <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **<u>Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.</u>**

So Ordered.

/s/ Hugh B. Scott

Hon. Hugh B. Scott<br>United States Magistrate Judge

Buffalo, New York
January 29, 2007